NELS WUOTILLA *vs.* DULUTH LUMBER COMPANY.

June 18, 1887.

| | |
|---|---|
| 37 | 153 |
| 41 | 443 |
| 37 | 153 |
| 42 | 83 |
| 37 | 153 |
| 44 | 288 |
| 37 | 153 |
| 47 | 363 |
| 37 | 153 |
| 80 | 6 |
| 37 | 153 |
| 83 | 28 |
| 37 | 153 |
| 86 | 239 |

**Master and Servant—Risks of Employment—Knowledge of Servant.—** The fact that a servant knows the defective condition of the instrumentalities with which he works, does not necessarily charge him with contributory negligence, or the assumption of the risks growing out of such defects. He must also understand, or ought, in the exercise of ordinary prudence, to understand, the *risks* to which these defects expose him; following former decisions.

**Same — Machinery — Contributory Negligence.—**Although it be negligence on the part of the master to leave dangerous machinery uncovered, yet the servant is not necessarily guilty of contributory negligence because he works in the vicinity of it, knowing its condition; the measure of the duty of the two in that regard not being the same.

Evidence considered, and *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial. Defendant's fourth, fifth, and seventh requests for instructions to the jury, which were refused by the trial court, and which are referred to in the opinion, are as follows: "*Fourth*. In cases of this kind, where the defect in the machine or other appliance from which the danger arises, is of such a character, or occurs at such a time, that the employer cannot reasonably be expected to have knowledge thereof, it is the duty of the employe to give notice, and the neglect of such duty exempts the employer from responsibility. *Fifth*. In this case, if you find that it was the duty of plaintiff to oil the cogs in which he was injured, and the bearings immediately under the same, daily or oftener, and for that purpose he must necessarily have seen and observed the uncovered condition of the cogs in doing such work when the cover was off, you must find for the defendant, for the reason that, if this cover had not been off long enough before plaintiff was injured for him to have discovered it, it had not been off long enough to charge the defendant with neglect in failing to discover it; and, if it had been off long enough to charge defendant with negligence in

failing to remedy the defect, plaintiff was guilty of contributory neg-lect in remaining with and not reporting such defect, so that it might be repaired." "*Seventh.* In case you find that defendant's foreman showed plaintiff the cogs in which he was injured, and explained to him the need there was in keeping that board in place, and that plaintiff appeared to comprehend the instruction, and afterwards worked there, with a board, evidently in plain view, off the gearing, so that it was exposed, then he was guilty of contributory negligence, and you must find for the defendant."

*White, Shannon & Reynolds,* for appellant.

*Allen & Parkhurst,* for respondent.

MITCHELL, J.   This was an action for damages for personal injuries alleged to have been caused by the negligence of defendant. The plaintiff was employed in defendant's saw-mill as an "off bearer;" his duty being to stand at the head of the "live rollers," and start the slabs, etc., down the rollers after they left the saws.   In case a slab got crooked, or a piece of bark got into the rollers, (which would occur occasionally,) he had to leave his stand, and go down and straighten it or take it out.   In doing this he had to go past a gearing where two wheels "mashed."   On one occasion, as he was going down to straighten a slab on the rollers, the gearing caught his clothing, and drew in his leg, causing the injuries complained of.   The negligence charged against defendant consists in not boxing or covering the gearing.

The main contention here is that the verdict was not justified by the evidence, for the reasons (1) that it does not appear that defendant was guilty of any negligence; and (2) that it does appear that plaintiff himself was guilty of contributory negligence.

The *first* requires but little consideration.   There was abundant evidence tending to prove that it was dangerous to leave the gearing open, and that ordinary prudence would have required it to be covered.   There was also evidence that the covering had been off at least two weeks,—ample time for defendant to have discovered the fact, and replaced it.

*Second.* It is undisputed that plaintiff had known, for two weeks before the accident, that the gearing was uncovered, and that he con-

tinued to work there without objection or complaint. Defendant contends that this conclusively establishes, as a matter of law, contributory negligence. The grand fallacy running all through the argument of the learned counsel is in assuming that, if it was negligence for defendant to leave the gearing uncovered, it must necessarily have been negligence on the part of plaintiff to work near it while in that condition, and that, because he knew that it was uncovered, therefore he knew, or ought to have known, that it was dangerous to go near it. But the master and servant do not stand at all upon the same footing in these matters. It is the master's duty to supply safe instrumentalities for the use of his servants. He is bound to exercise reasonable diligence in informing himself as to whether his machinery is safe; whereas the servant, in the absence of notice to the contrary, or something to put him on inquiry, has a right to assume that his master has done his duty, and to rely on his superior judgment. Of course, a servant is bound to use his senses, and cannot be heard to plead ignorance of a danger that was obvious to any one on inspection; but, on the other hand, because he engages to work with or in the vicinity of machinery, he is not necessarily bound to know as much as his master ought to know as to what is or what is not safe. Again, it is one thing to be aware that machinery is defective, or in a particular condition, and another thing to know or appreciate the *risks* resulting therefrom. A man of ordinary intelligence and experience may know the actual condition of an instrument with which he is working, and yet not know the nature or extent of the risks to which he is exposed. The mere fact that a servant knows the defects does not necessarily charge him with contributory negligence, or the assumption of risks growing out of those defects. The question is, did he know, or ought he, in the exercise of ordinary common sense and prudence, to have known, the *risks* to which the condition of the instrumentalities exposed him? *Russell* v. *Minneapolis & St. L. Ry. Co.*, 32 Minn. 230, (20 N. W. Rep. 147;) *Cook* v. *St. Paul, M. & M. Ry. Co.*, 34 Minn. 45, (24 N. W. Rep. 311.)

Now, in the present case, the plaintiff was not a machinist, nor employed as such. He was a mere common laborer in the mill. He

had been employed at this point only about 20 days. He testifies (and the jury had a right to believe him) that he did not know that this gearing ever had been covered, or that it should have been covered, and that he did not know, and had never been told, that it was dangerous, or cautioned to keep away from it. There was no evidence that it was his duty to report that the gearing was uncovered. All that the witnesses on that point pretend to say is that it was the duty of every employe to report if they saw anything wrong with the machinery. But the plaintiff did not in fact know that the gearing ought to be covered. Neither could a court say, as a matter of law, that the risk or danger was so obvious upon inspection that plaintiff ought, in the exercise of ordinary intelligence, to have understood it. One witness who worked in the mill, and who had worked in sawmills for five years, testified that it would be quite possible for a man who was not acquainted with machinery not to anticipate danger in going by it. Defendant's own foreman, who admitted to have known for some time that the covering was off, testified that he did not think anybody would get hurt, that he never thought a man would get caught, and advanced the theory that the gearing was so near the floor that plaintiff could not have got caught unless he had kneeled down, and shoved his knee into it. If that is the way it looked to the experienced foreman, this common laborer might well be excused in not realizing the danger. Under the circumstances, whether plaintiff was guilty of negligence was clearly a question for the jury; and, they having answered it in the negative, no court can say, as a matter of law, that their verdict is not justified by the evidence.

What has been said, disposes of most of the exceptions to the charge of the court,—particularly to the refusal to give defendant's fourth and fifth requests. The fourth request was also properly refused for the reason that it was inapplicable to the facts of the case. It assumed that plaintiff knew, or ought to have known, that the absence of a covering from this gearing constituted a defect. It also assumed that the removal of the covering was such a recent or sudden occurrence that defendant could not reasonably have been expected to have known the fact. The seventh request was also properly refused. If, instead of repairing the defect, defendant saw fit

to allow the gearing to remain uncovered, and attempted to relieve itself from liability by "explaining" to plaintiff its dangerous character, it was not enough that he "appeared" to understand the explanation. If defendant proposed to relieve itself on any such ground, it was bound to see to it that plaintiff *in fact* understood it. The request was evidently framed in that form because the evidence showed that plaintiff understood very little of the English language.

The order denying a new trial must be affirmed.