## Robinson & Co. *v.* Etter.

[No. 3,479.  Filed April 9, 1902.  Rehearing denied January 7, 1903.]

Master and Servant.—*Personal Injuries.—Complaint.—Knowledge of Danger.—Assumption of Risk.*—In an action by a servant against the master for personal injuries caused by defective machinery, it is only necessary that the plaintiff allege in his complaint that he did not know of such defect or danger, and such allegations will repel both actual and implied knowledge. *p. 258.*

Same.—*Personal Injuries.—Verdict.—Answers to Interrogatories.*—In an action by a servant for personal injuries sustained while operat-

ing a ripsaw the negligence charged was that the surface of the table was worn and uneven, and the slot in which the saw revolved was worn and widened. The jury found in answer to interrogatories that the saw-table was an ordinary table about twelve feet long, with a flat top, and with a slot therein about eighteen inches in length to admit the circular saw used therein; that it was simple in its construction and operation, and easily understood by a carpenter of ten or twelve years' experience; that no part of the saw which extended above the top of the table nor the slot in which the saw revolved was in any way concealed, and said slot and the top of the table around the saw were open and obvious to anyone operating the saw; that plaintiff, during the eight days' time he operated the machine, did not have equal opportunity with defendant to see and know the condition of the saw-table as to its top surface and slot; and that plaintiff was at the time of his injury a man about thirty-six years old, active, vigorous, in good health, in possession of all his senses unimpaired, and with ten or twelve years' experience as a carpenter, and with four years' experience as an engineer. *Held*, that the facts found are not in irreconcilable conflict with a general verdict for plaintiff. *pp. 255–261.*

From Wayne Circuit Court; *H. C. Fox*, Judge.

Action by John Etter against Robinson & Co. for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. E. Stevenson* and *J. L. Rupe*, for appellant.

*J. F. Robbins*, *R. A. Jackson* and *H. C. Starr*, for appellee.

HENLEY, J.—This was an action for damages growing out of a personal injury received by appellee on the 9th of March, 1899, while a servant in the employ of appellant, operating a machine commonly called a ripsaw. Appellant is a corporation engaged in the manufacture of threshers, engines, sawmills, etc., operating its plant in the city of Richmond. At the time appellee received his injury he was a man thirty-six years of age, a carpenter by trade, and had been in the employ of appellant several weeks prior to the 9th of March, when, while engaged in operating the ripsaw, his hand was caught by the saw and all the fingers of his left hand were cut off.

The complaint was in a single paragraph. Appellant's demurrer to the complaint was overruled, and an answer filed in two paragraphs,—the first a general denial, the second averring facts purporting to show that the injury resulted from a risk assumed as an incident to the employment. Appellee's general denial closed the issues. Upon the request of the appellant seven interrogatories were submitted to and answered by the jury. These were returned with a general verdict for the appellee. Appellant's motion for judgment upon the special findings was overruled, as was also its motion for a new trial, and thereupon the court rendered a judgment in favor of the appellee for $2,000, that being the amount of the verdict returned by the jury.

The errors assigned and argued are: (1) Error of the trial court in overruling appellant's demurrer to the complaint; (2) error in overruling the motion for a new trial; (3) error in overruling appellant's motion for judgment upon the special findings.

The complaint, as heretofore stated, is in a single paragraph and avers that appellee was, on the 9th day of March, and for several weeks prior thereto, in the employ of the appellant, and was ignorant and inexperienced in the operation of a ripsaw, and was not acquainted with the dangers incident to the operation thereof; that prior to the 9th day of March, and at the time he was employed by the appellant, he informed the appellant that he was ignorant and inexperienced, and thereupon appellant stated to him, by its superintendent, that the work to which he should be assigned would not be dangerous, and that he would be given all necessary and proper instruction in order to enable him safely to perform such work, all of which representations and statements appellee believed and relied upon; that appellant has as a part of its equipment of machinery a certain circular saw set in a saw-table which was connected with the steam power by the necessary mechanical devices,

which, when in use, caused the said saw to revolve with great rapidity in and through the slot or opening in the top of said table; the said saw was used by appellant in sawing and ripping pieces of wood and timber which were used by appellant in said business; that in order to saw the timber on said table it was necessary for the servant of the appellant to hold the piece of timber which was being sawed in a horizontal position upon said table, and by means of a guide to push such timber against the saw, by which means the timber would be sawed into the lengths and thicknesses desired; that it was necessary to the safe operation of said saw, and to the safety of the appellant's servant so operating it, that the top of the saw-table be level and even, and that the slot in the saw-table in which the saw revolved should not be irregular in shape, or of greater width than was necessary for the saw to revolve in, because if defective in this regard it would cause the timber held in the hand of the servant to catch upon the saw and be twisted or torn from the servant's hands and cause the hand of such servant to be thrown against the revolving saw. It is further averred by the appellee that the appellant carelessly and negligently permitted said saw-table to become worn and uneven upon its surface, and carelessly and negligently permitted the slot in which the saw revolved to become of much greater width than the thickness of the saw, so that the said slot or opening in the top of said table, and the uneven and worn condition of the surface of said table, caused the said appliances to be dangerous and unsafe, and its use likely to result in serious injury to the servant so operating it, which said defects and dangers were at all times known to the appellant, and which were unknown to the appellee because of his inexperience and ignorance, and that the appellant, notwithstanding the facts as aforesaid, at all times carelessly and negligently permitted said machine and table to be and remain in such defective and dangerous condition. Appellee further avers that on said date he did, at

the request and direction of the appellant, and he, at that time, being ignorant of all danger to him caused by said defective condition of the table and saw, undertake to saw a certain piece of wood about sixteen inches long into strips seven-eighths of an inch in thickness; that, owing to the carelessness and negligence of appellant, he was not provided with anything to protect or guard his hands from injury, and not having been at any time instructed by appellant that it was necessary for him to have a stick or implement for that purpose, and not being instructed at any time as to the manner of operating said saw, he proceeded with his work of sawing the piece of wood into the thickness aforesaid, and that for the purpose of so doing he laid the piece of wood upon the table, and. in a careful manner pushed the end thereof against the said saw, and that when the end of the said piece of wood came in contact with the teeth of said saw the said piece of wood, on account of the worn, widened, and uneven condition of the said slot or opening in the said table and because of the worn and defective condition of the said table, slipped out of a true horizontal position down and into said slot or opening and caught upon said saw, and was violently thrown and jerked out of appellee's hands, and his left hand, with which he was holding the piece of wood, was pulled into and against the said saw, and all the fingers of his left hand were cut off, leaving him permanently crippled for life.

Counsel for appellant in discussing the sufficiency of the complaint say: "The only negligence sufficiently charged is in suffering the saw and table to be defective in two particulars: The top or surface of the table is charged to be worn and uneven, and the slot in which the saw revolved through the top of the table was by long use worn and widened to the dimensions which are left blank. The saw-table, with its connections and its operations are so described as that the court will know that the conditions described

were perfectly open and apparent to the plaintiff, who was a carpenter of twelve years' experience, and the dangers were alike open and obvious to him. The following proposition of law, sustained by the authorities cited in support of it, is therefore applicable: When the danger is alike open to the observation of all, both the master and the servant are upon an equality; where defects are open and obvious to both alike; where the servant has equal opportunity with the master to see and know; or where the servant in the exercise of reasonable care, looking to his own safety, would discover such defects and dangers, the risk is assumed."

Counsel for appellant state the propositions of law correctly, and it is upon this proposition that the counsel have based their able argument in discussing nearly every question presented by the record in this appeal. It becomes necessary for us, then, to determine, in the first instance, where the sufficiency of the complaint is attacked, whether or not the facts pleaded bring the case within the operation of the rule stated, and to determine as to the other questions raised by appellant's counsel, whether or not the undisputed facts bring the case within the rule. Giving the rule of law stated its widest scope, as applicable to the averments of the complaint for damages brought by a servant against a master on account of an injury caused by defective machinery, as in this case, still it is only necessary that the plaintiff allege that he did not know of such defect or danger, and such allegations will repel both actual and implied knowledge. *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156; *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297. It is when applied to the evidence necessary to sustain the averment of want of knowledge of the defect or danger that full force and effect is given to the rule of assumed risk. *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Wabash R. Co.* v. *Ray,* 152 Ind. 392; *Consolidated Stone Co.* v. *Summit, supra.* The complaint in this case was sufficient to withstand the demurrer for want of facts. As before stated, the

jury returned with their general verdict answers to seven interrogatories, and upon these special findings of fact the appellant bases a motion for judgment in its favor.

The facts so found were, in substance, as follows: The saw-table and saw described in appellee's complaint was an ordinary table about twelve feet long, with flat top and with a slot therein about eighteen inches in length to admit the circular saw used therein. It was simple in its construction and operation, and easily understood by a carpenter of ten or twelve years' experience. No part of the saw which extended above the table, nor the slot in which the saw revolved, was in any way concealed, and said slot and the top of the table around the saw was open and obvious to any one operating the saw; that appellee during the eight days' time he operated the machine did not have equal opportunity with appellant to see and know the condition of the saw-table as to its top surface and slot; that appellee was at the time of his injury a man about thirty-six years old, active, vigorous, in good health, in possession of all his senses unimpaired, and with ten or twelve years' experience as a carpenter, and with four years' experience as an engineer.

It will be seen that there is nothing in the answers to the interrogatories showing that appellee had any experience in the operation of a saw of the kind which injured him, or that he knew or realized in any way the danger to which he was exposed. Monks, C. J., in *Consolidated Stone Co.* v. *Summit, supra,* said: "Moreover, if the answers to the interrogatories showed that before his injury he saw the seam in said stone, or that by the exercise of ordinary care he could have seen it, such fact, if found, would not, as against the general verdict, charge appellee with the assumption of the risks growing out of such defect. This is true because the general verdict finds that appellee did not know, and could not have known by the exercise of ordinary care, the risk to which said seam exposed him, and that he did not assume the risk and hazards on account thereof.

There is nothing in the answers to the interrogatories showing that appellee had any experience in handling such stone with a derrick, or how long he had been employed in the capacity of a derrick hand, or that in any way contradicts the general verdict, which, in effect, finds the contrary. The mere fact that a servant may know or could have known of the defect by the exercise of ordinary care does not necessarily charge him with an assumption of the risks growing out of such defect, *because the risks and hazards on account thereof may not be so open and apparent as to be appreciated by him, on account of his ignorance or want of experience.* Wuotilla v. Duluth Lumber Co., 37 Minn. 153, 33 N. W. 551, 5 Am. St. 832; McDonald v. Chicago, etc., R. Co., 41 Minn. 439, 43 N. W. 380, 16 Am. St. 711; 1 Bailey's Per. Inj.; §§852, 857. We are required, therefore, if necessary to sustain the general verdict, to indulge the presumption that appellee was ignorant and inexperienced in the work in which he was engaged when injured, and of the risks and hazards thereof, and that said risks and hazards were not so open and apparent as to be known or appreciated by him in the exercise of ordinary care, or any other reasonable presumption, which does not conflict with the answers to the interrogatories, that will sustain the general verdict." Under the law as stated in the case cited and quoted from, and which, we think, is sustained by the authorities, the facts found are not in irreconcilable conflict with the general verdict.

It is insisted that the verdict is not sustained by sufficient evidence and is contrary to law. We have carefully examined all the evidence in this case, and we think that under the rule as announced in *Consolidated Stone Co.* v. *Summit, supra,* the whole case, upon the facts produced by appellee, properly went to the jury. The question of whether or not appellee assumed the risk growing out of the use of the defective table, was one of the questions of fact for the jury, and there was evidence to show that appellee was entirely

ignorant and inexperienced in the use of such machinery. He received no instructions concerning the work, and he did not appreciate the danger to which he was exposed either in the operation of a perfectly constructed table and saw or one which was defective, as in this case. The verdict will not be disturbed on the evidence.

A careful examination of the instructions given by the court to the jury convinces us that the jury was fully and correctly informed as to the law applicable to the evidence and issues in this cause, and that appellant has no reason to complain, either as to the instructions given or refused.

We find no error. Judgment affirmed.