VANDALIA COAL COMPANY v. BLAND, ADMINISTRATOR.

[No. 8,424. Filed January 20, 1915. Rehearing denied May 14, 1915. Transfer denied June 22, 1915.]

1. APPEAL.—*Review.*—*Briefs.*—*Waiver of Error.*—Where neither the motion for a new trial nor its substance is set out in appellant's brief, and the brief neither shows that any exceptions were reserved to the ruling thereon, nor contains points directed to the assignment of error in the ruling thereon, all questions arising on the overruling of such motion are waived. p. 311.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Assumption of Risk.*—*Knowledge of Danger.*—*Complaint.*—*General and Specific*

Vandalia Coal Co. *v.* Bland—59 Ind. App. 308.

*Allegations.*—Where the complaint, in an action against a mining company for the death of an employe nineteen years of age, alleged generally that defendant knew of the conditions, ways, appliances, etc., complained of, and that decedent did not know of the dangers, etc., and could not in the exercise of reasonable care have known of same, and alleged specifically that decedent had been employed for several months as a car coupler on a certain "runaround entry" in defendant's mine wherein defendant carelessly maintained one of its cars with a bolt projecting therefrom so as to catch on the clothing of any one rubbing against same, and so as to rub a great groove in the wall of the entry, by reason of which "bolt and construction as aforesaid, said car on said date was dangerous", etc., and that plaintiff's decedent was injured while in the performance of a specific duty by coming in contact with said car and bolt and being caught between the car and the wall of the entry, etc., all without decedent's fault, it can not be said as a matter of law that the facts specifically pleaded show that decedent knew and appreciated the danger so as to be charged with assumption of the risk.   pp. 313, 315, 317.

3.   MASTER AND SERVANT.— *Injuries to Servant.— Assumption of Risk.—Knowledge.—Appreciation of Danger.*—In order to charge an employe with the assumption of the risk from which his injury resulted, especially where the injured person is an infant or otherwise lacking in experience or judgment, it must not only be shown that he knew of the defects and dangers, but that he appreciated them.   p. 315.

4.   MASTER AND SERVANT.— *Injuries to Servant.— Assumption of Risk.—Application of Rule.*—It ·is when applied to the evidence necessary to sustain an averment of want of knowledge of the defect or danger that full force and effect is given to the rule of assumed risk, rather than on a consideration of that question from the face of the complaint.   p. 317.

5.   DEATH.—*Action for Wrongful Death.—Emancipated Minor.— Right of Recovery.—Complaint.*—Where the complaint, in an administrator's action to recover for the wrongful death of an emancipated minor, alleged that decedent contributed to the support of his parents and brothers and sisters, that all of said brothers and sisters were dependent on him for support, etc., and that by reason of his death the decedent's parents and brothers and sisters had been damaged in the sum named, it was sufficiently shown as a matter of pleading that such persons had a right to expect that the contributions would continue for a time at least, and that they had a right to expect that decedent so intended.   p. 317.

From Greene Circuit Court;  *Charles E.  Henderson,* Judge.

Action by Joseph Bland, administrator of the estate of Roscoe Spice, deceased, against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry W. Moore,* for appellant.
*Oscar E. Bland,* for appellee.

SHEA, J.—This was an action brought by appellee as administrator to recover damages for the death of Roscoe Spice, alleged to have been caused by reason of appellant's negligence. From a judgment in appellee's favor for $2,500, this appeal is prayed. The errors assigned are the overruling of appellant's demurrer to the complaint and its motion for a new trial.

Briefly stated, the complaint charges that decedent, a young man less than nineteen years old, who had been emancipated, was at the time of his injury and had been for several months employed by appellant in its coal mine as a car coupler. His place of work was upon a track called a runaround or cut-off, constructed and maintained by appellant to expedite the handling of coal cars in said mine, both loaded and empty. Said cars were moved by an electric motor. The complaint contains a detailed description of the mine and the decedent's working place, which was on the south "runaround" entry. It is charged that it was the duty of appellant to furnish a safe place for decedent to work, and to furnish suitable tools and appliances with which to work; that there was a negligent failure to discharge this duty in that it constructed and maintained the south runaround entry "in such a way that the rib or walls of said entry were too close together which caused said entry to be too narrow, and negligently made and constructed said entry in such a way that said ribs or walls were within seven inches of the track in said entry, and said ribs and walls were so constructed and made in said entry that the cars and motor rubbed against said entry walls, and was thereby ren-

dered unsafe for plaintiff's decedent to work in, and be situated as hereinafter set out''. As hereinafter set out the car is also charged to have been negligently constructed and maintained. The specific allegations of the complaint, together with the general allegations of knowledge and notice to appellant of the defects and dangers, together with lack of knowledge upon the part of decedent are hereinafter set out in full. The action is brought for the next of kin for the pecuniary loss sustained by them because of the death of decedent in the manner and form as charged. These allegations are set out in full. It is also charged that immediately before his injury he was required and directed by appellant to ''place a sprag in the wheels of the seventh or eighth car back from the motor.'' In attempting to do this decedent received the injuries which caused his death as described. Demand for $5,000.

Neither the motion for a new trial nor the substance thereof is set out in appellant's brief. Neither is it stated in the brief that appellant reserved an exception to

1. the ruling of the court thereon, nor has appellant claimed in the points stated in its brief that the court erred in overruling its motion for a new trial. All questions attempted to be presented by the motion for a new trial are therefore waived. This may appear in some instances to be a harsh rule, but it is of long standing, and has been repeatedly announced by the Supreme Court and followed by this court; and we are therefore bound by it.

In the case of *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 608, 96 N. E. 708, the court said: ''Appellants have not set out in their brief any motion for a new trial or the substance thereof, nor any ground assigned therefor, as required by Rule 22 of this court. Appellants have therefore waived any right to question said rulings if made. *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, 85 N. E. 707, and cases cited. Nor have appellants claimed in the points stated in their brief that the court erred in overruling their motion

for a new trial. They have thereby waived the determination of any question in regard to said instruction, and the correctness of the action of the court in sustaining the motion to strike out certain portions of said depositions.'' In the case of *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171, the court quotes with approval from *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, 52 N. E. 803, as follows: ''It is said in *Magnuson* v. *Billings* * * * that rules, when adopted and published, 'have the force and effect of law, and are obligatory upon the court, as well as upon parties to causes pending before it.' In the same case it is further said: 'A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business.' To attempt to ascertain and decide questions not presented, as required, would be to abrogate the rules, which are as binding upon the courts as they are upon litigants.'' See, also, *Barnett* v. *State* (1912), 177 Ind. 461, 462, 97 N. E. 530; *Carmody* v. *State* (1912), 178 Ind. 158, 160, 98 N. E. 870; *Cal Hirsch & Sons, etc., Co.* v. *Peru Steel, etc., Co.* (1912), 50 Ind. App. 59, 96 N. E. 807; *Rahke* v. *McNulty* (1914), 55 Ind. App. 615, 104 N. E. 523.

There remains to be determined by this court the single question as to the sufficiency of the complaint as against a demurrer. The memorandum filed with the demurrer contains the following specifications set out in the points and authorities, and discussed by appellant's counsel: ''5. The general averments of knowledge on behalf of the defendant and want of knowledge on the part of the alleged employe, and negligence on the part of this defendant, are each insufficiently alleged, and are each overcome by special averments. 7. The averments of each paragraph show that the alleged injury was the result of an accident for which the defendant was in no way responsible. 8. The averments of

each paragraph show that the alleged injury was the result of dangers and hazards inherent in the employment which were well known to the injured. 9. The averments of each paragraph show that the alleged injury was the result of dangers and hazards inherent and apparent in the employment and over which this defendant had no control. 16. The averments of each paragraph of complaint show that the alleged injury was the direct result of the negligence and carelessness of the injured. 18. That the complaint shows on its face that the deceased was a minor under the age of 21 years, but that he had been emancipated by the father and mother who are both living, and set free to work for whomsoever he pleased.''

In argument it is very earnestly insisted that the facts pleaded show that appellee's decedent having worked for several months at the place where he was injured had or should have had knowledge of the conditions, and therefore assumed the risk, and that said facts so pleaded overcome the general allegations of want of knowledge upon the part of appellee. The facts specially pleaded as shown in the complaint are as follows: ''That among the large number of employes in defendant's mine at said time was plaintiff's decedent herein, Roscoe Spice; that his employment consisted of, and his duties were on said date, and for several months prior thereto, that of a car coupler, on said south 'runaround entry', and for which services he received from the defendant the sum of $2.70 per day. That defendant negligently and carelessly made, constructed and maintained one of its said coal cars in such a way that a large bolt projected through the top of the south side of said car and said bolt projected past the tap thereon an inch and three-quarters. The said bolt had threads upon it and was rough, and would and did catch upon the clothing of anyone rubbing against it. That said bolt projected through said car so far that for many months prior to injuries hereinafter set out it had rubbed into the wall in said entry and rubbed

a great groove in the wall of said entry when said car passed along the track in said entry. That by reason of said bolt and construction as aforesaid, said car on said date was dangerous, defective and unsafe for the purpose for which defendant, on said date, used it.''

The manner in which decedent was injured is set out as follows: ''That in discharge of his said duties, plaintiff's decedent undertook to cross between said cars for the purpose of placing sprags as aforesaid, and in so doing came in contact with said car and bolt, and that in coming in contact with said car and bolt as aforesaid, he was using due care and diligence, and was wholly without fault, and when he came in contact with said car, the said bolt which projected out thereon caught in the clothing of plaintiff's decedent and said heavy moving car, to which was attached a heavy electric motor, pulled and drew plaintiff's decedent up against the rib or wall of said entry, which rib or wall at said point was so close to the track that it rubbed against said car. That plaintiff's decedent was then and there so caught between the car and rib that the pressure of the car against his body threw the car off the track, and by reason of said pressure'' decedent was bruised and wounded from which injuries he died.

The general allegations as to knowledge upon the part of appellant and absence of knowledge upon the part of decedent of the alleged dangerous condition of the working place are as follows: ''That defendant knew, and had full knowledge of all the conditions, ways, places, construction, appliances and things herein referred to and complained of, and that plaintiff's decedent had no knowledge of any of the dangers, conditions, ways, places, construction, appliances, and things herein referred to and complained of, nor could he by the exercise of reasonable care and diligence have known of them.''

We need not cite authority upon the proposition that the master is required to use reasonable care to furnish a reason-

ably safe place for the servant to do his work, with reasonably safe tools and appliances therefor. It is not seriously contended that the working place was reasonably safe, nor that the master was without notice of its condition as charged, but it is insisted that the complaint shows that the servant in this case had as good or better opportunity than the master to know the conditions, and if he did not know, he was chargeable with such knowledge, and therefore assumed the risk of injury. If knowledge alone upon the part of the servant was the sole element which enters into such a condition as presented by this complaint, there would be much force in appellant's position, but it has been repeatedly held by our courts that the servant must not only know, but he must appreciate the defects and danger. While the charge is that the dangerous condition existed for several months, and the servant had been employed there continuously for some time, it is also charged that immediately before the injury he was directed to do the particular thing which resulted in his injury. This order or direction is not important in this case, as it is a common-law action, except as showing the state of mind of decedent as he attempted to perform the task as directed. Human experience shows and common sense applied to the facts convinces us, that a boy less than nineteen years old will not ordinarily act with as much care and discretion as a man of more mature years. Appellant accepted the services of decedent with this knowledge. This is important in this case only as bearing upon the question of whether this young man under all the circumstances of this case as disclosed by the complaint, which alleges that he was inexperienced, not only knew, but appreciated the defects and consequent danger. Can this court declare as a matter of law upon the facts pleaded, that this decedent knew and appreciated the defects and danger, in the face of the general allegation that he did not know? In the case of *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, 65

N. E. 591, the court said: "Mere knowledge of the existence of the risk does not in all cases raise the presumption that the servant has agreed to assume it." In the case of *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, 550, 70 N. E. 888, the court said: "The doctrine of assumed risk depends upon an implied contract created, in the case of obvious danger, from the voluntary act of the employe in continuing in the service. *Worman* v. *Minich* (1901), 28 Ind. App. 31 [62 N. E. 85]; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607 [62 N. E. 492], 92 Am. St. 319. There can be no room for implying such contract except where the employe acts in view of the danger to which he is subjected. Where he is an infant, or otherwise lacking in discretion or judgment, there can never be any doubt but that he must be shown to have appreciated the danger before he can be charged with assumption of the risk arising therefrom; and this, too, although the facts brought to his knowledge are sufficient to have warned one of ordinary capacity. *Mullin* v. *California Horseshoe Co.* (1894), 105 Cal. 77, 38 Pac. 535." In the case of *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 302, 53 N. E. 235, the court said: "The mere fact that a servant may know or could have known of a defect by the exercise of ordinary care does not necessarily charge him with an assumption of the risks growing out of such defect, because the risks and hazards on account thereof may not be so open and apparent as to be appreciated by him, on account of his ignorance or want of experience. *Wuolilla* v. *Duluth Lumber Co.* [1887], 37 Minn. 153, 33 N. W. 551, 5 Am. St. 832; *McDonald* v. *Chicago, etc., R. Co.* [1889], 41 Minn. 439, 43 N. W. 380, 16 Am. St. 711; 1 Bailey, Personal Injuries §§852, 857." In the case of *City of Fort Wayne* v. *Christie* (1901), 156 Ind. 172, 176, 59 N. E. 385, the court said: "It may be observed that an agreement on the part of the servant to assume the risk can not, in all cases, be presumed from mere knowledge of its existence. *Consolidated Stone Co.* v. *Summit* [1899], 152 Ind. 297 [53

N. E. 235]. It is only where the person injured, knowing and appreciating the danger, voluntarily encounters it, that such knowledge is a defense. It is said, however, that knowledge is a material fact for the consideration of the jury in determining whether, under all the circumstances, the plaintiff was guilty of contributory negligence.''

A different question might arise if we were giving consideration to the evidence in this case. In *Robinson & Co.* v. *Etter* (1903), 30 Ind. App. 253, 258, 63 N. E. 767, the

4. court said: ''It is when applied to the evidence necessary to sustain the averment of want of knowledge of the defect or danger that full force and effect is given to the rule of assumed risk. * * * *Wabash R. Co.* v. *Ray* [1899], 152 Ind. 392, [51 N. E. 920] ; *Consolidated Stone Co.* v. *Summit, supra.''* *Pittsburgh, etc., R. Co.* v. *Parish* (1902), 28 Ind. App. 189, 62 N. E. 514, 91 Am. St. 120; *City of Fort Wayne* v. *Christie, supra.*

While the complaint is not scientifically drawn, we do not think the facts pleaded are sufficient to overcome the general allegation of lack of knowledge as claimed by appel-

2. lant. In other words, we can not say as matter of law that this decedent under the facts disclosed in this complaint knew and appreciated the danger. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Point 18 in the memorandum filed with the demurrer attempts to raise the question as to whether the beneficiaries alleged are entitled to recover anything on account of

5. the death of plaintiff's decedent. The question is presented in the points and authorities, and is also argued at length in the brief. It is insisted that since decedent had been emancipated, he was under no legal obligation to contribute to the support of his mother, father, brothers and sisters as shown in the complaint. There can be no recovery in this case except for pecuniary loss, and if the complaint does not show that the parties claiming have sus-

tained such loss, there can be no recovery. The pecuniary loss in this case is the amount which appellee might reasonably expect would have been contributed to those for whom the action is brought by decedent had he lived. *Diebold* v. *Sharp* (1898), 19 Ind. App. 474, 49 N. E. 837; *Mayhew* v. *Burns* (1885), 103 Ind. 328, 2 N. E. 793. It is insisted that there must not only be reasonable expectation on the part of the beneficiaries that the contributions to support rendered prior to the death would continue for some period of time thereafter, but that it must be so alleged. The complaint alleges that "while plaintiff's decedent had been emancipated and set free he contributed to the support of his father and mother, brothers and sisters hereinafter named. That at the time of the injury and at the time of his death, he, plaintiff's decedent, had a father, Charles Spice, a mother, Sarah Spice, a sister, Minnie Spice, sixteen years of age; a sister, Helen Spice, eight years of age, a brother, Jack Spice, ten years of age, a brother, Vernie Spice, fourteen years of age, and a brother, Onton Spice, eight months of age. That all of said brothers and sisters were dependent upon plaintiff's decedent for support and maintenance, and that at the time of his death, and for a long time prior thereto, plaintiff's decedent had and did contribute to the support and maintenance of all of his above named relatives. That by reason of the death of said plaintiff's decedent as aforesaid his brothers, sisters, father and mother have been damaged in the sum of $5,000.00."

While these allegations are not perfect, the court is of the opinion that they are sufficient to enable the court to infer that the beneficiaries had a right to expect that the contributions which had been made for sometime before decedent's injury would continue for a time at least, and that the beneficiaries had a right to expect that the decedent so intended. Tiffany, Death by Wrongful Act (2d ed.) §§158, 159; *Standard Forgings Co.* v. *Holmstrom* (1915), 58 Ind. App. 303, 104 N. E. 872; *Duzan* v. *Meyers* (1903), 30 Ind. App. 227, 65 N.

E. 1046, 96 Am. St. 341; *Diebold* v. *Sharp, supra; Mayhew* v. *Burns, supra; Louisville, etc., R. Co.* v. *Wright* (1893), 134 Ind. 509, 34 N. E. 314; 13 Cyc. 363.

We have examined all of the authorities cited by appellant from other jurisdictions and find that while some conflict appears, in the main they support the general principles here stated.

The complaint is sufficient to withstand a demurrer. *Domestic Block Coal Co.* v. *DeArmey, supra; Republic Iron, etc., Co.* v. *Lulu* (1911), 48 Ind. App. 271, 92 N. E. 993. Judgment affirmed.

NOTE.—Repored in 108 N. E. 176. As to risks assumed by servant, see 52 Am. Rep. 737. As to the measure of damages for death by wrongful act of collateral next of kin, see 10 Ann. Cas. 113. See, also, under (1) 3 C. J. 1413; 2 Cyc. 1015; (2) 26 Cyc. 1913 Anno. 1397-89; (3) 26 Cyc. 1199, 1219; (4) 26 Cyc. 1454; (5) 13 Cyc. 341.