## BALTIMORE AND OHIO RAILROAD COMPANY v. METZLER.

[No. 11,835. Filed May 16, 1924. Rehearing denied October 17, 1924. Transfer denied December 12, 1924.]

MASTER AND SERVANT.—*Under federal Employers' Liability Act, evidence of negligence of defendant held sufficient and risk not assumed.*—In an action against a railroad company by a boiler washer for injuries received while preparing a locomotive for an interstate trip, thus bringing it within the provisions of the Federal Employers' Liability Act, evidence *held* sufficient to show negligence of the employer in maintaining a "signal marker" on the locomotive so as to interfere with the plaintiff's use of the hand-rail thereon and that plaintiff did not assume the risk of such danger.

From Dekalb Circuit Court; *William P. Endicott,* Judge.

Action by Charles L. Metzler against the Baltimore and Ohio Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Mountz & Brinkerhoff,* for appellant.

*Nash & Henslee* and *Payer, Winch, Minshall & Karch,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover damages resulting from personal injuries sustained by appellee while employed in appellant's shops at Garrett, Indiana.

Appellee, a boiler washer, at the time of his injury, was assisting in washing boilers of locomotives and had been so employed for about three weeks. The locomotive upon which appellee was working at the time of his injury was being regularly used by appellant in interstate commerce and the work being done was to prepare it for a trip in which it was assigned to an interstate train. The action was, therefore, under the Federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918). To perform a part of the work required of appellee, it was necessary for him to go upon a running board extending along the side of the boiler about eight feet from the floor of the roundhouse. This running board was reached either through the cab of the engine or up a series of steps at the front end of the engine. There were hand-rails for the use of persons who had occasion to go upon that part of the engine. Upon the front end of the boiler and on either side were located signal lamps designated as "signal markers." Such lamps were commonly used upon locomotives, though not always located as the ones here involved. Appellee was injured by a fall received as he was in the act of mounting the steps at the front end of the engine to go upon the running board for the purpose of washing the boiler. As he was mounting the steps, he took hold of the hinged top of the signal marker, which opened when he did so, and, as a result, he fell to the floor and received the injury complained of.

There was a judgment for appellee in the trial court, from which, after motion for a new trial was overruled, this appeal. The action of the court in overruling appellant's motion for a new trial is the only error assigned in this court, the reasons for which motion being that the verdict is not sustained by sufficient evidence and that it is contrary to law.

It is appellant's contention that it was not guilty of

negligence in failing to furnish a safe place for appellee to work, that the signal marker was properly located on the front end of the engine, that it was not negligence so to maintain it, and that appellee assumed the risk ordinarily incident to his employment as a washer which required him to get on and off engines, and that the risk of falling as he went up and down the engine steps was one of the risks which he had assumed. Appellant further contends that the condition of its working place and the equipment of the engine in question were open and apparent to appellee and that he should, therefore, be held, in law, to have assumed the risk of injury because of such conditions and equipment.

The rule that must control in this case is thus stated in *Gila Valley, etc., R. Co.* v. *Hall* (1913), 232 U. S. 94, 34 Sup. Ct. 229, 58 L. Ed. 521: "An employee assumes the risk of dangers normally incident to the occupation in which he voluntarily engages, so far as these are not attributable to the employer's negligence. But the employee has a right to assume that his employer has exercised proper care with respect to providing a safe place of work, and suitable and safe appliances for the work, and is not to be treated as assuming the risk arising from a defect that is attributable to the employer's negligence, until the employee becomes aware of such defect, or unless it is so plainly observable that he may be presumed to have known of it." Other authorities in point are: *Cincinnati, etc., R. Co.* v. *Thompson* (1916), 236 Fed. 1, 149 C. C. A. 211; *Chesapeake, etc., R. Co.* v. *Proffitt* (1916), 241 U. S. 462, 36 Sup. Ct. 620, 60 L. Ed. 1102; *Texas, etc., R. Co.* v. *Archibald* (1898), 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188. That this rule is in harmony with the rule in Indiana up to the time of the Employers' Liability Act of 1911, Acts 1911 p. 145, see: *Con-*

*solidated Stone Co.* v. *Summitt* (1899), 152 Ind. 297, 53 N. E. 235; *City of Ft. Wayne* v. *Christie, Admr.* (1901), 156 Ind. 172, 59 N. E. 385; *Wright* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 583, 66 N. E. 454; *Chicago, etc., R. Co.* v. *Lee* (1902), 29 Ind. App. 480, 64 N. E. 675; *Vandalia Coal Co.* v. *Bland* (1915), 59 Ind. App. 308, 108 N. E. 176.   Governed by this rule, it is a question of fact for the jury to determine as to appellant's negligence and as to whether appellee assumed the risk of the defect which resulted in his injury.   There was evidence that the "signal marker" was so located as to interfere with appellee in his attempt to grasp the hand-rail as he was climbing upon the engine, that such marker could have been located elsewhere upon the engine, and that, in fact, upon engines of other makes, they were so located as not to interfere.   The jury found in its answers to interrogatories that the hand-rails and "signal markers" did not comply with the United States Safety Appliance Laws, in that "the signal marker obstructed getting hold of the hand-rails." There was evidence that appellee had no knowledge that the top of the marker was insecure, or that the marker would obstruct him in getting hold of the hand-rail.   From an inspection of the photographs of engines of the same type as the one here involved, we cannot say that the location of such lamps was not such as to interfere with appellee in his attempt to grasp the hand-rail.   The evidence is sufficient to sustain the finding of the jury, by its general verdict, that appellant was guilty of negligence in the location of the lamps known as "signal markers" and that appellee did not assume the risk of such danger.

Judgment affirmed.

Enloe, J., dissents.