.No. 638.

HUBER ET AL. *v.* BECK ET AL.

EVIDENCE.—*Expert Testimony.*—*Hypothetical Question.*—*Damages.*—In an action for damages, a witness introduced as an expert for the purpose of proving the value of a certain crop, may testify to such fact in answer to a hypothetical question.

INSTRUCTIONS TO JURY.—*Erroneous Instruction Given.*—*When Harmless.*—*Answers to Interrogatories.*—Where an instruction is objected to as erroneous, and the answers of the jury to interrogatories show that the verdict was not affected by such instruction, the instruction, even if erroneous, must be regarded as harmless.

RECOVERY.—*Excessive.*—*Verdict Sustained by Evidence.*—That the verdict is sustained by the evidence, and that the recovery is not excessive, see ·opinion.

From the Posey Circuit Court.

*W. S. Jackson,* for appellants.

*J. W. Spencer, C. M. Spencer* and *E. M. Spencer,* for appellees.

GAVIN, J.—This cause was formerly transferred to the ·Supreme Court, but has been remanded to this court by ·reason of the acts of 1893 enlarging its jurisdiction. Appellees filed their complaint to recover damages, alleging, :among other things, that they rented ninety-three acres of land from appellant George Huber for one year from August 1st, 1890; that they entered into possession thereof, sowed rye and wheat thereon, and on November 1st, 1890, were forcibly and unlawfully dispossessed by appellants, who thus retained possession of the same, and of the crops thereon, whereby appellees lost the use of said land and the crops therefrom during their said year.

A special answer, claiming a voluntary surrender of the property leased, formed the only issue upon the complaint.

In addition to this paragraph of answer, there was a cross-complaint by appellants asking to enforce their land-

lord's lien for the rent. The issue on the complaint and answer was tried by a jury, while that formed by the cross-complaint and general denial thereto was tried by the court. With their verdict in favor of plaintiff for $686.11, the jury answered various interrogatories. The court found for the appellants on the cross-complaint, and rendered judgment in favor of appellees for $218.

The questions presented here arise on the motion for a new trial.

A witness was permitted, as an expert, to give his opinion as to the value of a clover crop, in answer to a hypothetical question. There is no reason why such a fact should not be thus established. Rogers on Expert Test. 364; 7 Am. and Eng. Encyc. Law, 512; *Chamness* v. *Chamness*, 53 Ind. 301; *Smith* v. *Indianapolis, etc., R. R. Co.*, 80 Ind. 233.

Nor was the admission of this evidence in contravention of the rule in *Hagaman* v. *Moore*, 84 Ind. 496, wherein it is held that it is for the jury, and not the witnesses, to state the amount of damages or benefits accrued by reason of the location of a highway.

Objection is made to that part of the court's instruction by which the jury were authorized to consider the crop which might have been raised on the lands during the year of the tenancy. Without determining the correctness of this instruction, it is sufficient to say that the answers to the interrogatories plainly show that the jury took as the basis of their estimate of the damage, not the crops which "might have been," but those which they found were raised. The instruction was, therefore, certainly harmless. *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50; *Worley* v. *Moore*, 97 Ind. 15; *Cline* v. *Lindsey*, 110 Ind. 337; Elliott's App. Proced. 571.

Counsel for appellants urge that the amount recovered is too large, and that the verdict is not sustained by the evidence. They more especially insist that two of the an-

swers to interrogatories specifying particular matters, being value of pasture and corn crop, are not sustained by the evidence. Granting this to be true, there is still ample evidence to sustain the general verdict, when we examine it in the light of the well established rule that we can not disturb the verdict where there is some evidence upon which it may fairly be founded.

These two interrogatories are not such as would, in themselves, control the general verdict. It is not required that the answers to these interrogatories should be true in order that the general verdict may be sustained.

The wheat is shown to have been worth, at its maturity, at least $300. There is evidence that the rye was worth $100; the clover, $250; the house, barn, etc., $75, for the year. These items alone would exceed the amount of the general verdict.

Or, if another basis is taken for estimating the appellees' damages, we find the judgment substantially right, because it is testified by appellant that he sold the wheat for $374.30. The .only expenses to which he testified aggregate $58, leaving the net proceeds of the appellee's wheat, $316. Add to this, value of the rye, as testified to, $100, and we have $416. If from this be deducted the proportionate rental for the wheat and rye ground, $150, and, also, the value of house rent and pasture used by appellees, as found by the jury, $56.25, we still have about $250 as the net damage to appellee. In whatever light the evidence may be examined, and whatever rule be adopted as the measure of damage, the verdict and judgment appear to be supported by sufficient evidence.

Judgment affirmed.

Filed April 12, 1893.