Consolidated Stone Co. *v.* Summit.

---

THE CONSOLIDATED STONE COMPANY ET AL. *v.* SUMMIT.

[No. 18,331.  Filed March 16, 1899.]

PLEADING.—*Complaint.—Personal Injuries.—Knowledge of Danger.*—An allegation in a complaint in an action by an employe for personal injuries sustained by reason of defective appliances that he did not know of such defect or danger, not only repels actual knowledge, but any implied knowledge thereof.  *pp. 299, 300.*

APPEAL AND ERROR.—*Motion for Judgment on Answers to Interrogatories.*—The Supreme Court cannot look to the evidence in considering an alleged error of the trial court in overruling a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, but only to the pleadings, the verdict, and the answers to the interrogatories.  *p. 300.*

VERDICT.—*Answers to Interrogatories.*—The general verdict determines all issues in favor of the party recovering same, and the verdict will stand as against a motion for judgment on answers to interrogatories unless the answers are in irreconcilable conflict therewith.  *p. 300.*

MASTER AND SERVANT.—*Personal Injuries.—Knowledge of Danger.—Assumption of Risk.*—The mere fact that a servant may know or could have known of a defect by the exercise of ordinary care does not necessarily charge him with an assumption of the risk growing out of such defect, because the risks and hazards on account there-

| | |
|---|---|
| 152 | 297 |
| 152 | 535 |
| 152 | 297 |
| f 154 | 154 |
| 154 | 566 |
| 154 | 586 |
| 154 | 587 |
| 154 | 588 |
| 154 | 681 |
| f 155 | 641 |
| f 156 | 176 |
| 156 | 423 |
| 156 | 587 |
| 152 | 297 |
| 157 | 697 |
| 152 | 297 |
| 158 | 301 |
| 158 | 667 |
| 152 | 297 |
| 159 | 282 |
| 159 | 285 |
| 152 | 297 |
| 160 | 27 |
| 160 | 432 |
| 160 | 589 |
| 160 | 591 |
| 152 | 297 |
| 161 | 7 |
| 161 | 200 |
| 161 | 684 |
| 161 | 703 |
| 162 | 100 |
| 162 | 101 |
| 152 | 297 |
| 164 | 151 |
| 164 | 652 |
| 152 | 297 |
| 165 | 27 |
| 165 | 29 |
| 152 | 297 |
| 169 | 36 |

Consolidated Stone Co. *v.* Summit.

152 297
167 546
f167 655
f168 248
168 250
f168 380
d168 458

of may not be so open and apparent as to be appreciated by him on account of his ignorance or want of experience. *p. 302.*

VERDICT.—*Answers to Interrogatories.*—*Presumptions.*—The Supreme Court will indulge all reasonable presumptions in favor of a general verdict as against a motion for judgment on anwers to interrogatories. *pp. 302, 303.*

APPEAL AND ERROR.—*Evidence.*—*When Not All in Record.*—*Maps and Plats.*—Where, in the trial of a cause, maps or plats were referred to by the witnesses by way of explanation of questions asked them, for the purpose of showing the positions of certain persons and things and their movements, and such maps are not made a part of the record, the Supreme Court will not consider any questions in such appeal depending on the evidence. *pp. 303, 304.*

SAME.—*Instructions.*—*Joint Assignment.*—*New Trial.*—An assignment as cause for a new trial that the court erred in giving of its own motion a certain instruction, and in refusing to give certain instructions requested by appellant, must fail, where the assignment was joint, and the appellant's brief contained no argument as to error in refusing to give instructions asked. *p. 304.*

From the Monroe Circuit Court. *Affirmed.*

*Duncan & Batman, Moses F. Dunn* and *S. B. Lowe,* for appellants.

*John R. East* and *Robert G. Miller,* for appellee.

MONKS, C. J.—Appellee brought this action to recover for personal injuries received by him on account of the alleged negligence of appellants while working in their stone quarry.

Appellants' demurrer to the amended complaint for want of facts was overruled. The jury returned a general verdict in favor of appellee, and also answered interrogatories propounded by appellants. Over appellants' motion for a judgment in their favor upon the answers to the interrogatories notwithstanding the general verdict, and their motion for a new trial, the court rendered judgment in favor of appellee. These rulings of the court are severally assigned as error.

It is alleged in the amended complaint, among other things, in substance, that appellee was a derrick hand, and that a large stone, thirty-five feet long, four feet thick and four and one-half feet wide, weighing many tons, was being turned over by means of a derrick, when it broke in two

pieces, at a dry seam running diagonally through the same from top to bottom, and that when it so separated the end of one of the pieces turned up, and struck the west T rail of the track upon which the channeler was moved, and pushed it against appellee's ankle and crushed it; that said dry seam ran entirely through said stone, commencing at the top, extending in a northerly direction, so that, when the same separated, the south end would lift, and raise the broken piece of stone, and tilt it up so as to bring it in contact with such T rail, which fact was known to each of said appellants at and prior to the time of plaintiff's injuries, but was wholly unknown to plaintiff; that the said track so extending over such space was so far above the upper surface of said stone, to wit, two feet and over, that he was unable to imagine any way or manner in which said stone could tilt up and strike the west T rail of the track over which he was attempting to step at the time of his said injury; that said dry seam rendered said stone defective, dangerous, and unsafe, and that said seam was so small that it was not discoverable without a close inspection, and was invisible and hidden from the view of appellee, and at the time of his said injuries he had no knowledge whatever that said stone contained said dry seam, that it was in any way defective, or that there was any danger of the same turning over and injuring him; that appellants knew that said stone was so defective, contained said dry seam, and was dangerous and unsafe for appellee and the other employes to work near and about it, long before appellee received his injuries, but negligently and carelessly caused the same to be turned over in its defective condition, and negligently and carelessly failed to notify or warn appellee of the condition of said stone, and its defects, or the danger of working near it; that said injuries were received by appellee while in the line of his duty as an employe of appellants, and without any fault whatever on his part, but solely on account of the negligence of appellants.

While an employe assumes the risk from obvious defects

or dangers, open to ordinary careful observation, or such as would be known by the exercise of ordinary care (*Peerless Stone Co.* v. *Wray*, 143 Ind. 574, 577), yet it is only necessary to allege that he did not know of such defect or danger; and such allegation not only repels actual knowledge, but any implied knowledge. *Evansville, etc., R. Co.* v. *Duel*, 134 Ind. 156, 160, 161. To sustain such allegation, however, the evidence must show that the employe not only had no knowledge of the defect, but could not have known the same by the exercise of ordinary care. We think this complaint was sufficient to withstand the demurrer for want of facts. *Peerless Stone Co.* v. *Wray*, 143 Ind. 574.

It is next insisted that the court erred in overruling appellants' motion for a judgment in their favor, on the answers to the interrogatories, notwithstanding the general verdict. In discussing this alleged error the appellants call attention to the evidence of appellee, and claim that it shows an assumption of the risk. In determining this question, we cannot look to the evidence, but only to the complaint, answer, and general verdict, and the answers of the jury to the interrogatories.

The general verdict necessarily determines all material issues in favor of appellee, and, unless the answers of the jury to the interrogatories are in irreconcilable conflict with the general verdict, the court did not err in overruling appellants' motion for a judgment in their favor. If such irreconcilable conflict exists, then the court erred in overruling said motion. *Ohio, etc., R. Co.* v. *Trobridge*, 126 Ind. 391, 393, 394, and cases cited; *Town of Poseyville* v. *Lewis*, 126 Ind. 80, and cases cited; *Rogers* v. *Leyden*, 127 Ind. 50, 59, and cases cited; *Graham* v. *Payne*, 122 Ind. 403, 408, 409; *Indianapolis, etc., R. Co.* v. *Lewis*, 119 Ind. 218, 223.

The jury found, in answer to the interrogatories, that there was a seam in the stone where it separated; that said seam was part mud and part dry; that appellee had no knowledge that there was a seam in said stone before it separated and

caused his injury; that before his injury, appellee had no knowledge of the danger from said seam which caused his injury; that appellee could have seen the seam in said stone twenty feet away if he had looked; that appellee, in climbing out of the ledge, and walking over the T rail that struck his foot, adopted the only convenient and safe course to avoid danger; that the stone which struck the T rail was eighteen inches below the T rail before the stone was moved; that appellee did not know at the time of, and just before, his injury that the moving of the stone was liable to cause the T rail to move in the manner and in the direction in which it did move when it caused his injury, and in a manner calculated to injure one standing in the place where he was standing at the time of his injury; that there were not other convenient places near by, besides the place where appellee was situated at the time of his injury, where he could have remained with safety, and performed his duty as well as at the place where he was, which places he could have reached and occupied in safety in time to have performed all his duties in moving said stone, and thus have avoided injury; that appellee did not know of the existence of the seam in said stone in time to have avoided the accident, or in time to have avoided his injury; that appellee did not know of the peril of his situation in time to have removed to a place of safety, or in time to have avoided injury; that appellee at the time of his injury was acquainted with the fact that there were dry seams and mud seams in the quarry where he was injured, and with the character and description of them.

The answers to the interrogatories cannot be aided by any presumptions, for the rule is that all reasonable presumptions will be indulged in favor of the general verdict, and none will be indulged in favor of the answers to the interrogatories. *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Ohio, etc., R. Co.* v. *Trobridge*, 126 Ind. 391, 394. The special findings override the general verdict only when both cannot stand; the conflict being such, upon the face of the record, as to be

beyond the possibility of being removed by any evidence admissible under the issues in the cause. *Amidon* v. *Gaff*, 24 Ind. 128; *Indianapolis, etc., R. Co.* v. *Lewis*, 119 Ind. 223. Under the rule stated, it is clear that the facts found in answer to the special interrogatories are not in irreconcilable conflict with the general verdict.

It is found that appellee could have seen the seam in the stone twenty feet away if he had looked; but was this after his injury, or before? We cannot indulge the presumption that it was before, or that it was at any time that would bring such answer in conflict with the general verdict. The answers do not show that appellee was at any time before his injury in a position to see the seam in said stone, or that by the exercise of ordinary care he could have seen it. Moreover, if the answers to the interrogatories showed that before his injury he saw the seam in said stone, or that by the exercise of ordinary care he could have seen it, such fact, if found, would not, as against the general verdict, charge appellee with the assumption of the risks growing out of such defect. This is true because the general verdict finds that appellee did not know, and could not have known by the exercise of ordinary care, the risks to which said seam exposed him, and that he did not assume the risks and hazards on account thereof. There is nothing in the answers to the interrogatories showing that appellee had any experience in handling such stone with a derrick, or how long he had been employed in the capacity of a derrick hand, or that in any way contradicts the general verdict, which, in effect, finds the contrary. The mere fact that a servant may know or could have known of a defect by the exercise of ordinary care does not necessarily charge him with an assumption of the risks growing out of such defect, because the risks and hazards on account thereof may not be so open and apparent as to be appreciated by him, on account of his ignorance or want of experience. *Wuotilla* v. *Duluth Lumber Co.*, 37 Minn. 153, 33 N. W. 551, 5 Am. St. 832; *McDonald* v. *Chicago, etc.*,

*R. Co.*, 41 Minn. 439, 43 N. W. 380, 16 Am. St. 711; 1 Bailey's Per. Inj., sections 852, 857. We are required, therefore, if necessary to sustain the general verdict, to indulge the presumption that appellee was ignorant and inexperienced in the work in which he was engaged when injured, and of the risks and hazards thereof, and that said risks and hazards were not so open and apparent as to be known or appreciated by him in the exercise of ordinary care, or any other reasonable presumption, which does not conflict with the answers to the interrogatories, that will sustain the general verdict. It is manifest, therefore, that the court did not err in overruling the motion for a judgment in favor of appellants on the facts found in answer to the interrogatories.

It is next insisted by appellants that the verdict is not sustained by sufficient evidence, and is contrary to law. Appellee, in response to this contention, urges that the bill of exceptions affirmatively shows that it does not contain all the evidence given; that in appellee's testimony alone the words "indicating" and "illustrating" are used seventy-five times, and in the testimony of other witnesses ninety times, as to positions of persons and things at the quarry, all of which was understood by the jury as a part of the answer of the witnesses, when they pointed out upon the map, plat, or other representation of the quarry the location and movements of its different persons, and the location of the derrick, and other things testified about. We find that this contention of appellee is substantially correct, and that many facts of vital importance in the determination of this case were in evidence by the use of maps or plats, and considered by the jury, which facts are in no way shown in the bill of exceptions. No map or plat, or other representation of the quarry, is contained in the bill of exceptions; and if it was, there is nothing in the testimony of the witnesses showing where thereon the persons, places, or things "indicated" by the witnesses were located. We cannot, therefore, consider any question presented by said causes for a new trial, because their determi-

nation depends upon the evidence. *Thorne* v. *Abattoir Co.,* *post,* 317, and cases cited; *Noerr, Adm.,* v. *Schmidt,* 151 Ind. 579.

It is assigned as a cause for a new trial that the court erred in giving of its own motion instruction five, and in refusing to give each of certain instructions asked by appellants. No argument is contained in the brief showing that the court erred in refusing to give any of the instructions asked, and said cause for a new trial must fail, because it was joint as to each instruction asked, and said instruction five given by the court. *Sievers* v. *Peters Box, etc., Co.,* 151 Ind. 642, 663-664, and cases cited.

Finding no available error in the record, the judgment is affirmed.