## KINGAN & COMPANY, LIMITED, *v.* FOSTER.

[No. 7,989.   Filed June 5, 1913.]

1. TRIAL.—*Verdict.*—*Effect.*—A general verdict for plaintiff is a finding in his favor upon every material averment of the complaint.   p. 514.

2. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Where the jury's answers to interrogatories are in irreconcilable conflict with the general verdict, beyond the possibility of removal by any evidence properly admissible under the issues, judgment should be rendered on the answers.   p. 514.

3. MASTER AND SERVANT.—*Warning Employes.*—*Duty.*—An employer is generally bound to warn and instruct his employes concerning dangers known to him, or which he should know in the exercise of reasonable care for their safety, and which are unknown to them, or are not discoverable by them in the exercise of ordinary and reasonable care.   p. 514.

4. MASTER AND SERVANT.—*Warning Employes.*—*Youthful Employes.*—The master is bound to give suitable warning and instruction to a minor employe in regard to any danger, whether open or concealed, where such danger is not sufficiently obvious to the intelligence or experience of such employe, in the exercise of ordinary care on his part, measured by the maturity of his faculties and the amount of his experience.   p. 515.

5. MASTER AND SERVANT. — *Injuries to Servant.* — *Verdict.* — *Answers to Interrogatories.*—In an action by a minor employe for the loss of an eye through the use of muriatic acid in the course of his employment, answers to interrogatories showing that plaintiff, by the diligent use of his faculties, could have known of the danger, when considered with other answers showing that plaintiff had not learned the nature of the acid, nor the dangers attending its use, are not in irreconcilable conflict with a general verdict for plaintiff, which, under the issues, amounted to a finding that no warnings or instructions as to the dangerous character of such acid were ever given plaintiff.   pp. 515, 518.

6. MASTER AND SERVANT.—*Injuries to Servant.*—*Master's Knowledge of Danger.*—*Presumptions.*—The master in charge of a factory is presumed to know the dangers, latent as well as obvious, arising from the performance of duties imposed upon employes.   p. 516.

7. MASTER AND SERVANT.—*Injuries to Servant.*—*Care to Avoid Injury.*—*"Diligent".*—*"Diligent Use of Faculties".*—An interrogatory to the jury asking if plaintiff, by "the diligent use of his faculties", could have discovered the dangerous character of acid

used in connection with his employment, is based upon a higher degree of care than that which the law requires in enjoining the ordinary and reasonable exercise of one's senses, since "diligent" is defined to mean attentive and persistent in doing a thing, steadily applied, active, sedulous, laborious, unremitting, untiring, etc. p. 516.

8. NEGLIGENCE.—*Contributory Negligence.*—One can be said to be guilty of contributory negligence only where he has failed to use ordinary or reasonable care to avoid injury. p. 517.

9. MASTER AND SERVANT.— *Contributory Negligence.*— *Care Required.*—*Youthful Employes.*—A servant in the exercise of the ordinary care required of him to discover dangers of which the master should have warned him, and which are either latent or of such a character as to be unappreciated by him, because of inexperience or youth, is held to only the ordinary use of his faculties or senses. p. 517.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by John Foster against Kingan & Company, Limited. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Miller, Shirley, Miller & Thompson,* for appellant.
*Stephen A. Clinehens* and *Clyde P. Miller,* for appellee.

IBACH, J.—In this action appellee recovered judgment against appellant in the sum of $500 for personal injuries caused by appellant's negligence. The only error presented relates to the court's action in overruling appellant's motion for judgment on the answers to interrogatories returned by the jury, notwithstanding the general verdict. The amended complaint of a single paragraph states that appellee was an ignorant foreign boy who was employed by appellant as a tinner's helper, in which capacity he was required to wipe muriatic acid from that part in a pipe where joints were soldered together, that in so doing some of the acid was brought in contact with his hand, and he not knowing the danger of muriatic acid coming in contact with his eye rubbed his eye with his hand, and the acid coming in contact with his eye completely destroyed the sight thereof. The theory of the complaint is that appellant was under a duty to in-

struct appellee as to the poisonous and dangerous nature of the acid, and the manner in which it might have been used without injury to himself, but that it neglected this duty, and by reason of its negligence in this respect, appellee was injured.

In answering the interrogatories the jury finds specially that plaintiff at the time of his injury was about eighteen years of age, that he had been employed in the work at which he was engaged when injured from June 20, 1906, to July 30, 1906. The following questions and answers are set out verbatim: "7. In wiping joints with muriatic acid, did the plaintiff use a damp or wet rag or piece of cloth of some sort? Yes. 8. Did the plaintiff perform this service several times a day each day while he was in the employment of the defendant? Yes. 9. Was muriatic acid used for the purpose of eating metal with which it came in contact? Yes. 10. Was the action of the acid upon the metal with which it came in contact obvious to one seeing it applied to the metal? Yes. 12. Does muriatic acid discolor the skin when it comes in contact therewith? Yes. 13. Was the plaintiff at the time of his alleged injury in full possession of his faculties and of average intelligence? Yes. 14. Did the plaintiff at said time speak and understand the English language? No. 15. Did the plaintiff at the time of his alleged injury know the nature of the acid with which he was working? No. 16. Could the plaintiff by the diligent use of his faculties have known prior to the time of his alleged injury of the danger of muriatic acid coming in contact with his eyes? Yes. 17. Did the plaintiff learn prior to the time of his alleged injury of the dangers attendant upon the use of muriatic acid? No. 18. Did the acid frequently get on plaintiff's hands while performing his work prior to his alleged injury? Yes. 19. Did the acid when it came in contact with plaintiff's hands cause them to smart at times? Yes. 20. At or about the time plaintiff claims

to have been injured had he been wiping muriatic acid from a joint that had been soldered by the tinner? Yes. 21. Was the plaintiff perspiring at the time of his alleged injury? Yes. 22. Could the plaintiff by the exercise of ordinary care have prevented the acid from coming into contact with his eyes? Yes. 24. Would the accident in question have occurred if the plaintiff had not wiped his face or eye with his hand or cloth in his hand, while there was muriatic acid on his hand or such cloth? No." It is insisted by appellant that these answers to interrogatories, especially those to Nos. 16, 22 and 24 show that by the use of the degree of care for his own safety demanded of him by law, plaintiff could have known the dangerous character of the acid used by him in his employment of wiping the soldered joints of iron and could have prevented his injury.

1. The general verdict finds in favor of appellee upon every material averment of the complaint, including the charge that appellant negligently failed to instruct appellee as to the danger attending the use of muriatic acid, and that he was not guilty of any negligence contributing to his injury. If the answers to the interrogato-

2. ries are in such irreconcilable conflict with the general verdict as to be beyond the possibility of being removed by any evidence properly admissible under the issues, appellant's motion for judgment in its favor should have been sustained, otherwise there was no error in refusing it.

3. The general rule applicable to this class of cases is thus stated in 4 Thompson, Negligence §4055: "Generally speaking, an employer is bound to warn and instruct his employes concerning dangers known to him, or which he should know in the exercise of reasonable care for their safety, and which are unknown to them, or are not discoverable by them in the exercise of such ordinary and reasonable care as, in their situation, they may be expected and required to take for their own safety; or con-

cerning such dangers as are not properly appreciated by them, by reason of their lack of experience, their youth, or their general incompetency or ignorance; and unless the servant is so warned or instructed he does not assume the risk of such dangers; but if he receives an injury without fault on his part in consequence of not having received a suitable warning or instruction, the master is bound to indemnify him therefor." In case of a minor employe, "the master is here, as in every other case, bound to act reasonably and justly; and this rule requires him to give suitable warning and instructions to a minor employe in regard to any danger, whether open or concealed, where the danger is not sufficiently obvious to the intelligence or experience of the employe, in the exercise of ordinary care on his part,—this care being measured by the maturity of his faculties and the amount of his experience." 4 Thompson, Negligence §4093. Labatt states the rule thus: "The rule actually applied by the courts is merely this: The master is liable for failure to instruct a minor, 'unless both the danger and the means of avoiding it are apparent and within the comprehension of the servant'." 3 Labatt, Master and Servant (2d ed.) §1145.

The jury finds by its general verdict that no warnings or instructions of any kind were ever given appellee as to the dangerous character of the fluid he was required to use in his work. It is found by an answer to an interrogatory that plaintiff by the *diligent* use of his *faculties* (our italics) could have known of the danger of muriatic acid coming in contact with his eyes. To properly determine whether the answer to this interrogatory is in irreconcilable conflict with the general verdict, we must consider the general verdict and the facts shown by the answers to the other interrogatories, especially Nos. 15 and 17, which show that he did not know of the nature of the acid, and had not learned of the dangers attending its use. It was said in the case of *Haynes, Spencer & Co.* v. *Erk* (1893),

6 Ind. App. 333, 336, a case similar to the present, "The fact that appellee might, by the use of his eyesight, have seen that the work was dangerous, or that he, by the use of his reasoning faculties, might have realized and avoided the danger which he was incurring, is not sufficient, under the circumstances, to enable the court to say, as a matter of law, that he was guilty of contributory negligence."

6. The master in charge of the factory in the present case, by whom appellee was employed, is presumed to have known of the dangers both latent and obvious, which appellee would encounter in the performance of his duties and as to those risks and dangers which were latent or of such a character that by reason of appellee's youth, ignorance or inexperience he was not able to understand or appreciate, he should as far as possible, have been given warning by appellant. Appellee was merely a common laborer in appellant's shop, an inexperienced foreign boy, and it is not reasonable or fair to say that he would be possessed of such knowledge as was necessary to comprehend the extreme danger attendant upon the use of muriatic acid without intruction. The law therefore enjoined upon him while using the dangerous fluid, the exercise of ordinary care to protect himself from the known dangers of his employment, or the dangers which by the exercise of reasonable and ordinary care on his part might have been discovered.

7. But interrogatory No. 16 is based upon a higher degree of care than this. The word "diligent" is defined to mean attentive and persistent in doing a thing, steadily applied, active, sedulous, laborious, unremitting, untiring, etc. Century Dictionary. So that the expression "diligent use of his faculties" includes a duty to use care beyond the "ordinary or reasonable use of his senses," which is the degree of care enjoined upon him by law. We entertain no doubt, judging from the general verdict and the answers to the remaining interrogatories that the answer to interrogatory No. 16 would have been entirely

different if the question had referred to the exercise of such ordinary care as a reasonably prudent person would have exercised under like conditions and circumstances to discover the danger of muriatic acid coming in contact with his eyes. It is only where a person has failed to use

8. ordinary or reasonable care to avoid an injury that he can be said to be guilty of contributory negligence.

9. In some cases, in the presence of a known danger, as where a traveler is about to cross a railroad, the courts have held that ordinary care under such circumstances demands the diligent use of one's faculties, but a servant in the exercise of the ordinary care demanded of him to discover dangers of which the master should have warned and which are either latent, or of such a character as to be unappreciated by him, because of his inexperience, or youth, is held to only the ordinary use of his faculties and senses. The answers to interrogatories Nos. 22 and 24, can only be understood to mean that the plaintiff could have prevented the acid from coming into contact with his eye, if he had known of the danger from such contact. If he did not know of the danger, he would not be chargeable with contributory negligence for allowing the acid to touch his eyes.

This court in considering a similar question in the case of *Flickner* v. *Lambert* (1905), 36 Ind. App. 524, 74 N. E. 263, held that when it was apparent that the defendant had failed to instruct the plaintiff as to the manner in which a dangerous machine might be operated with safety, and in answer to an interrogatory the jury found that the plaintiff knew without any warning or instructions, that his hand or fingers would be cut off if he got them in the roller or knives, and in answer to another that he knew or should have known in the exercise of ordinary care, without having his attention drawn to it, or without warning or instruction, that it was dangerous to put his hand near or against the rollers of the machine at which he was working, and another answer showed that with "proper instruction" plain-

tiff could have avoided the injury, the presumption obtains in support of the general verdict that the jury intended to show that the former answer was qualified with the phrase "with proper instructions."

5. The interpretation which we have placed upon the answers to the interrogatories is entirely justified under the facts of this particular case, and when so interpreted, there is no conflict between the general verdict and the answers upon the question of contributory negligence, and the motion of appellant for judgment on the answers to interrogatories was properly overruled.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 103. See, also, under (1) 38 Cyc. 1869, 1887; (2) 38 Cyc. 1927; (3) 26 Cyc. 1165; (4) 26 Cyc. 1173; (5) 26 Cyc. 1513; 38 Cyc. 1927; (6) 26 Cyc. 1142, 1146; (7) 26 Cyc. 1231; (8) 29 Cyc. 512; (9) 26 Cyc. 1231, 1243. On the general question of the master's duty to warn or instruct servant, see 44 L. R. A. 33. On the master's duty to protect or warn servant against dangers not reasonably to be apprehended, see 21 L. R. A. (N. S.) 89. As to instructing minor servant who is of insufficient age or capacity to comprehend dangers of employment as affecting master's responsibility, see 8 L. R. A. (N. S.) 284. Instructing employes as to obvious dangers not appreciated because of youth and inexperience, see 29 L. R. A. (N. S.) 115. As to the duty of a master to warn and instruct an infant servant, see 3 Ann. Cas. 368, 17 Ann. Cas. 487.