STATE AUTOMOBILE INSURANCE ASSOCIATION ET AL. *v.* KURTZ.

[No. 12,139. Filed November 16, 1925. Rehearing denied January 27, 1926. Transfer denied July 17, 1928.

*Arthur L. Gilliom, Harry A. Fenton, Edwin Steers, Louis Herbst* and *Anthony J. Klee,* for appellant.

*George A. Kurtz, W. S. Carlisle* and *Parker, Crabill, Crumpacker & May,* for appellee.

NICHOLS, J.—Action by appellee against appellant, and the State Automobile Insurance Association, on a policy of insurance, insuring *inter alia* against loss by collision. A plea in abatement by the State Automobile Insurance Association was sustained, and the action abated as to that association. Appellant's defense was that, at the time of the collision, appellee was under the influence of intoxicating liquor, and that it was expressly provided in the policy that the contract of insurance did not cover any loss sustained while the automobile is being operated by a person under the influence of intoxicating liquor. There was a trial by jury, which

resulted in a verdict in favor of appellee, upon which, after appellant's motion for a new trial was overruled, judgment was rendered for appellee. The only error assigned is the action of the court in overruling appellant's motion for a new trial, the reason for which here discussed is that the court erred in giving instruction No. 5 requested by appellee. This instruction pertained to the extent to which it must be shown that appellee was under the influence of intoxicating liquor at the time of the collision. But the jury, in answer to interrogatory No. 2 submitted to it by the court, answered that appellee was not under the influence of intoxicating liquor at the time of the collision. There was evidence to sustain such an answer. With such an answer by the jury, the instruction challenged, even though it be conceded that it was erroneous, was harmless. *Huber* v. *Beck* (1892), 6 Ind. App. 484; *Marietta Glass Mfg. Co.* v. *Bennett* (1914), 60 Ind. App. 435, 450.

Judgment affirmed.