## BREMS v. SHERMAN.

[No. 19,813.    Filed April 8, 1902.]

BILLS AND NOTES.—*Non est Factum.*—*Judgment Notwithstanding General Verdict.*—A finding in an action on a note that defendant did not sign the note is not in irreconcilable conflict with a general verdict for plaintiff, where it was shown that defendant could not write, and there was evidence that defendant authorized another to sign it for him.

From Starke Circuit Court; *G. W. Beeman*, Judge.

Action by Adam G. W. Sherman against Herman Brems on a promissory note. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*H. R. Robbins*, for appellant.
*A. I. Gould* and *C. H. Peters*, for appellee.

HADLEY, J.—Appellee sued appellant upon a promissory note. Answer, *non est factum*. The jury returned a general verdict for the plaintiff, assessing his damages for the full amount of the note, principal and interest. They also returned their answer to an interrogatory as follows: "Ques.—Did Herman Brems sign said note? Ans.—No." Appellant moved for judgment in his favor on this answer notwithstanding the general verdict. The motion was overruled, which ruling presents the chief question in the appeal.

The controversy is not whether Brems had signed the note with his own hand, but whether he had authorized

another to sign it for him. The plaintiff, on his part, submitted testimony tending to prove that the defendant, who was unable to write, requested another to write his name for him, which the other did. While on the other hand, the defendant submitted testimony tending to prove that he could not write, and did not write his name to the note, nor authorize any one else to write it for him. Under this state of the evidence, is the answer to the special interrogatory in irreconcilable conflict with the general verdict? If it is, the general verdict cannot stand. If it is not, the special answer will not affect the integrity of the general verdict. *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396; *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297.

The special finding is that Brems did not *sign* the note. To sign is "to subscribe in one's own hand writing." Webst. Int. Dict., 1339; 2 Bouviers L. Dict., p. 1001; 22 Am. & Eng. Ency. of Law, 781. To say that A "signed" a note, and that he "executed" a note, as usually understood, may mean very different things. The former conveys the meaning that the act of signing was performed personally by the maker, while the latter imports that the maker either signed it himself, or authorized another to sign it for him. The terms are by no means equivalent. Hence the finding that appellant did not sign the note is far short of a finding that he did not execute the note. Appellant's motion for judgment in his favor was rightly overruled.

It is conceded that there was evidence pro and con on the controverted question of authority. The sum of this evidence satisfied the jury that the instrument sued on was the note of appellant, and we cannot disturb the verdict.

Judgment affirmed.